## Benjamin Davis *vs.* Doe, ex dem. Delpit.

It is well settled at common law, in the assessment of damages in an action of ejectment, the jury are confined to a compensation for the injury sustained by the ejectment, which being fictitious, the damages can only be nominal.

The rule prevails in this State, in actions of ejectment, to recover only nominal damages for the supposed trespass; and bring a separate action of trespass *vi et armis*, for the mesne profits. *Held*, that this is the common law rule.

In error from the circuit court of Harrison county; Hon. W. P. Harris, judge.

This was an action of ejectment instituted by A. Delpit against Benjamin Davis in the circuit court of Harrison county at the September term, 1851. Upon the trial of the cause, the plaintiff below asked the following instructions to the jury, which were given by the court: —

1st. That if the jury believe from the evidence, that Davis held the property under Delpit as his tenant, then the tenant cannot question the title of his landlord.

2d. That if the jury find for the plaintiff, they may find what mesne profits or actual damages the plaintiff may have suffered by holding his property.

These charges were excepted to by the defendant below.

The jury found a verdict for the plaintiff, when the defendant moved the court for a new trial, which was refused, and the defendant below (Davis) prayed this writ of error.

*W. A. Champlin* and *G. P. Foute,* for appellant,

Cited 1 Wheat. Sel. 622; 1 Geo. 4, c. 87; 1 Yeates, 157, 159; 1 Peters, 452; 3 Har. & McHen. 7; Ib. 96; Hutch. Co. 893.

*D. Mayes,* for appellee,

Cited, in reply, Hutch. Co. 856; 2 Tidd's Prac. 1239; Ib. 889, 890; *Winslow* v. *Kimball,* 25 Maine, R. 493; *Mitchell* v. *Mitchell,* 1 Gill, 66; Smith's Com. 617, 618, §§ 462–464; Ib. 658, § 510; Adams on Eject. 288; Ib. 320; Ib. 379; *Brown* v. *Galloway,* Peters, 299; 4 Dallas, 138; *Nelson* v. *Andrews,* 2 Mass. R. 164; Ib. 441; *Glover* v. *Heath,* 3 Mass. 252; *Waite* v. *Garland,* 7 Ib. 453; Ib. 9, 532; Ib. 11, 206; *Smith* v. *Jansen,* 8 Johns. 111; *Bradshaw* v. *Callaghan,* Ib. 558; *Dixon* v. *Price,* 1 Roots, 138.

Mr. Justice YERGER delivered the opinion of the court.

This case has been submitted on a reargument.

On the trial in the circuit court, the judge instructed the jury that, "if they find for the plaintiff, then they may find what mesne profits or damages the plaintiff may have suffered by holding of his property."

On the previous argument of this cause, we held this instruction to be erroneous, and we have not been able by our subsequent examinations to find sufficient reasons to change that opinion. Ever since the action of ejectment was adopted, as a mode of trying title to real estate, it has been well settled

as a rule of the common law, so far as we have been able to ascertain it, that the jury, in the assessment of damages, are confined to a compensation for the injury sustained by the ejectment, which being fictitious, the damage can only be nominal.

In Adams on Ejectment, a work of the highest authority on this subject, the rule is stated in the following language:— " Whilst the action of ejectment remained in its original state, and the ancient practice prevailed, the measure of damages given by the jury, when the plaintiff recovered his term, were the profits of the land accruing during the tortious holding of the defendant. But as upon the introduction of the modern system, the proceedings became altogether fictitious, and the plaintiff merely nominal, the damages assessed became nominal also, and they have not, since that time, included the injury sustained by the plaintiff since the loss of his possession. It was, therefore, necessary to give another remedy to the claimant for these damages; and this was effected by a new application of the common action of trespass *vi et armis*, generally termed an action for mesne profits." Adams on Eject. 320, 379.

In Bacon's Abr. the same rule is as clearly and distinctly stated. " Although in ejectment the plaintiff, if he prevails, may recover damages, yet the damages which he hath sustained by being kept out of the mesne profits are not recoverable in this action, because it is never laid with a *continuando*, and, therefore, comprehends only the damages sustained in the particular act of ouster complained of. Indeed, the action of ejectment, as now conducted, is altogether a mere fiction, brought by a nominal plaintiff against a nominal defendant for a supposed ouster, and of course for mere nominal damages. The object at this day proposed to be recovered by it is quite changed from what it was in its original state; for as formerly only damages were recovered by it, and not the term, so now the term only is sought for by it, and not damages." 3 Bac. Abr. 37, tit. Eject. Letter H.

In Wheaton's Selwyn, the same doctrine is distinctly announced. " Although the judgment in ejectment is for the recovery of damages, as well as of the term, yet, from the nature

of the declaration in that action, such damages are necessarily confined to a compensation for the injury sustained by the ejectment, which being fictitious, the damages must of course be nominal." 1 Wheat. Selwyn, 772.

A citation from Buller's Nisi Prius, p. 88, has been made, in which it is supposed by counsel, that the rule was differently announced. But on examination, we think it very clear, that Buller only intended to state what damages might be recovered according to statutory provisions, and did not mean to declare the rule at common law to be different from that above stated. The language of Buller is this: " It seems certain that the plaintiff may recover the whole mesne profits in ejectment; and that is apparent from 16 and 17 Car. 2, which enacts, that in case the judgment be affirmed on the writ of error, the court may award a writ of inquiry, as well of the mesne profits as of the damages by any waste committed after the first judgment." This language clearly shows that Buller referred to the proceedings in ejectment under the provisions of the statute of 16 and 17 Car. 2, which authorized a writ of inquiry of damages to recover mesne profits.

In New York, in the case of *Van Allen* v. *Rogers*, 1 Johns. Cases, 281, it was held, that the recovery of nominal damages in ejectment was no bar to an action for mesne profits; and in bringing the latter action, it was unnecessary to remit the damages given in the action of ejectment. This decision can only be maintained because the action of ejectment is only brought to recover the term, and not the mesne profits by way of damages; because, if brought for the latter purpose, the verdict and judgment in the ejectment would have been a bar to another suit for the same cause of action.

In Maryland, in the case of *Gore's Lessee* v. *Worthington*, 3 Har. & McHen. R. 96, it was held, that on a writ of inquiry of damages in ejectment, the mesne profits could not be given in evidence.

In this State, the rule has uniformly prevailed in actions of ejectment, to recover only nominal damages for the supposed trespass, and to bring an action of trespass for the mesne profits.

In the course of our examination we have been unable to

find but one State where a different rule has been laid down, unless the proceeding was had in pursuance of a statutory provision. In Pennsylvania, the plaintiff is permitted to recover his real damages by giving notice to the defendant of his intention to do so.

The first case in that State in which the question arose, is that of *Boyd's Lessee* v. *Cowan*, 4 Dallas, R. 128. It seems to be conceded there by the court, that the practice in the common law courts in England was only to give nominal damages, and to require the party to resort to his action of trespass *vi et armis* for mesne profits. But it is said, that the courts in Pennsylvania have the power to make rules for regulating the practice, and expediting the determination of suits pending therein; and the court thereupon declare, that mesne profits may be recovered in the action of ejectment in that State.

It will be seen, that the decisions of Pennsylvania are not precedents by which this court should regulate the practice in this State in actions of ejectment, where it is declared that the " process shall be according to the course of the common law." Hutch. Code, 876.

The cases of *Battin* v. *Bigelow*, 1 Peters, C. C. R. 452, and *Osborne* v. *Osborne*, 11 S. & R. 58, having been decided in Pennsylvania, the remarks we have made in relation to *Boyd's Lessee* v. *Cowan*, are applicable to them.

In the case of *Osborne* v. *Osborne*, Duncan, judge, made use of this language: " When the action of ejectment remained in its primitive state, while it was strictly a remedy for a lessee, *quare ejecit infra terminum*, there the value of the land, during the time the defendant held it, was the measure of damages. When the proceeding came to be fictitious, nominal damages only were given; and this introduced the action of trespass *vi et armis*, generally called the action for mesne profits. And it would seem, that even in the fictitious action, the plaintiff may recover his real damages by giving notice of his intention to the defendant. But the usual and safest course is, only to take a verdict for nominal damages, and recover the real damages in the action for the mesne profits; and that has been the unvaried practice, as well before as since the act introducing the writ."

38 *

Such, it will be seen, is the view entertained of this question in Pennsylvania; and we think we are fully warranted from these decisions even, as well as from the distinct announcement of the law in the elementary works on the action of ejectment in England, that at common law only nominal damages can be recovered in that action, and that the plaintiff must resort to his action of trespass for mesne profits.

But it is insisted, that although this may have been the common law rule, and the practice of this State in accordance therewith, yet the law has been changed by the act of 1846. Hutch. Code, 856.

By the first section of that act, it is provided, that the "jury may allow, by way of offset to any damages assessed by them in favor of a plaintiff, (in ejectment or other possessory or real action,) the value of all valuable improvements made upon the land," &c.

It is probable that this law may have been enacted upon the supposition, that in actions of ejectment it was competent for the jury to assess other than nominal damages in favor of the plaintiff, and was intended to meet such a contingency. But, as we have shown, the rule of law is *otherwise;* and the jury, according to the practice of the courts, have no power in the action of ejectment to render any thing but nominal damages.

It will not be contended, that this statute expressly confers upon the jury the power to render any other damages than such as the previous state of the law warranted; nor do we think that it follows by necessary implication, that such a power was conferred, because the statute was passed under the belief that such a power already existed.

Judgment reversed as to the damages assessed, but affirmed as to the term.