GABRIEL LOCKHART *v.* MOSES LUKER, Administrator, &c.

1. WITNESS: HUSBAND AND WIFE: WIFE COMPETENT WITNESS FOR HUSBAND UNDER REV. CODE, ART. 190, p. 510.—The wife was excluded by the common law from being a witness for the husband, upon the ground that they were one person in law, and as the husband could not testify for himself, so the wife could not, her interest being identical with his; but by the Rev. Code, Art. 190, p. 510, the incompetency of any person as a witness, whether a party to the suit or otherwise, by reason of interest in the result of it, is abrogated, and the wife is therefore a competent witness for the husband.
2. INSTRUCTIONS: OUGHT TO BE FULL: CASE IN JUDGMENT.—When the possession of a slave by the defendant, commenced under a loan from the plaintiff, it will be error for the court to instruct the jury "that three years' adverse possession confers title," without explaining to the jury what is necessary to constitute an adverse possession.

ERROR to the Circuit Court of Calhoun county. Hon. William Cothran, judge.

*J. A. Orr*, for plaintiff in error.

*Evans* and *Tucker*, for defendant in error.

*C. B. Baldwin*, on same side.

HANDY, J., delivered the opinion of the court.

This was an action of replevin, brought by the defendant in error, to recover a slave from the possession of the plaintiff in error.

The plaintiff in the court below, claimed title to the slave as administrator of his wife, a deceased daughter of Lockhart, under a gift alleged to have been made by him to her in her lifetime, and by which, possession was delivered to her, and continued in her during her life.

After testimony had been offered, showing declaration of the defendant as to his intention in placing the slave in the possession of his daughter, the defendant offered to introduce his wife as a witness in his behalf. To this the plaintiff objected, and the objection was sustained, the defendant excepting.

This ruling was manifestly erroneous, with reference to the provisions of the Rev. Code, 510, Art. 190; by which the incompetency of any person, whether a party to the suit or otherwise, by reason of interest in the result of it, is abrogated. The common law rulé excluded the wife as a witness for her husband, on the ground that they were one person in law; and as the husband could not testify for himself, so his wife, who was identified in interest with him, could not testify for him. But the statute enables him to testify for himself, and the reason for excluding the wife is, therefore, removed.

The first instruction given in behalf of the plaintiff is also assigned for error. It is, "If the jury believe from the evidence that Mrs. Luker held adverse possession of the slave for three years before her death, though the slave was originally loaned to her by her father, then the law is with the plaintiff."

This instruction did not state to the jury with sufficient distinctness, what would constitute adverse possession where there had originally been a loan; but left it to them to determine what was an adverse possession. While the slave continued in the possession of the daughter as a loan—if such was the character of her possession—that possession could not be adverse. The court, therefore, should have instructed the jury that, in order to constitute adverse possession, if the slave was originally loaned, it was necessary to be accompanied *with claim of title in Mrs. Luker*, and that possession with such claim of title for three years would confer title.

For these errors, the judgment is reversed, and the cause remanded for a new trial.