37 471
72 482

E. P. DUNLAP and Wife *v.* M. F. HEARN.

1. HUSBAND AND WIFE: WITNESS: WIFE NOT COMPETENT FOR HUSBAND.—The wife is not a competent witness for or against her husband in a civil cause, under the provision of Art. 190, p. 510 of the Rev. Code. *Lockhart* v. *Luker*, 36 Miss. R. 68, overruled.

2. EVIDENCE: IRRELEVANT INADMISSIBLE: CASE IN JUDGMENT.—In a suit where the defendant claims title to the property in controversy, under an alleged gift from his father, his admission that his mother had never given him anything, is incompetent evidence, being irrelevant to the issue.

3. SAME: WITNESS TESTIFY TO FACTS AND NOT TO CONCLUSIONS OF LAW.—In a suit respecting the title to personal property, a witness will not be permitted to testify, "that the plaintiff," or "the defendant," "never owned the property in controversy." Such testimony is an expression of the opinion of the witness as to a mere conclusion of law. For the same reason, neither party will be permitted to testify, "that the property in controversy is mine."

4. INSTRUCTIONS: COURT CANNOT CHARGE ON THE WEIGHT OF EVIDENCE: CASE IN JUDGMENT.—It will be error for the court to charge the jury "that the direct and positive knowledge of one witness, is of more force and value, than the doubtful recollection of certain transactions, of ten witnesses." The weight to be given to the testimony of witnesses, is peculiarly within the province of the jury, and incapable of being reduced to any definite rule for their guidance, by instructions from the court.

5. SAME: COURT CANNOT ASSUME, IN INSTRUCTIONS, THAT A FACT IS PROVEN.— The court in charging the jury, cannot assume as proven, any material fact: and hence, it will be error for the court, on the trial of a cause involving the question whether the defendant received possession of the property in controversy under a loan, or a gift from plaintiff, to instruct the jury, "that if the plaintiff's evidence, that the property in dispute was a mere loan, is not successfully contradicted, the jury must find for him."

ERROR to the Circuit Court of Chickasaw county. Hon. Joel M. Acker, judge.

The defendant in error brought replevin against the plaintiffs in error, to recover possession of a negro girl named Nancy. The plea was not guilty.

It appears from the evidence reported in the record, that Mrs. Dunlap was the daughter of plaintiff, and that some years before this suit was commenced, she having married and gone to housekeeping,

a negro boy named Jim, the property of the plaintiff, was placed in her possession, either by the plaintiff or his wife; that this slave remained in possession of the defendants about three years, when he ran away, and upon being captured by the efforts of the plaintiff, the negro girl in controversy was sent to defendant, and the boy was retained by plaintiff. The position of the plaintiff was that the defendants held under a loan, and the defendants averred that it was a gift.

Among other testimony relied on by plaintiff, was that of his wife. He offered her as a witness, and she was objected to as incompetent, but admitted by the court; and the defendant excepted. The wife, in her testimony, stated, that when the boy Jim ran away and was captured, the plaintiff said (but not in the presence of the defendants): "They have ruined one, and I am willing to have another ruined." She also stated, that she told her daughter, that "we could not give her anything, and, therefore, she must take her as a loan; that both Jim and Nancy were intended by her as a loan; and that when she was sick her children neglected her;" and that she had not given the slave; and that the defendant below was a cruel master, and had ruined the slave. To all these statements the defendants objected, on the ground that they were incompetent and illegal testimony. His objections were overruled, and he excepted. The exceptions to the admission of the witness, and to her testimony, are made the basis of the 1st, 2d, 3d, 4th, 5th, and 6th assignments of error in this court.

In the further progress of the trial, Miss Hearn, a daughter of plaintiff, was introduced as a witness in his behalf; and in her testimony, she stated that the defendant, Mrs. Dunlap, remarked, in a conversation with witness: "My mother has never given me anything;" she also stated: "My sister never owned the girl in controversy;" "that mother exercised great control over everything." These several statements were objected to by defendant, and his objections overruled; and the action of the court therein is made the basis of the 7th, 8th, and 9th assignments of error.

The plaintiff, being introduced as a witness in his own behalf, stated, "that the negro in controversy was his own property." To this the defendant objected, because it was a mere conclusion of law. His objection was overruled, and he excepted.

At the instance of the plaintiff, the court instructed the jury as follows:—

1st. If the jury believe from the evidence, that the girl Nancy was a loan, and not a gift, they must find for the plaintiff.

2d. The direct and positive knowledge of one witness, is of more value and force, than the doubtful recollections of ten witnesses.

3d. If the plaintiff's evidence, that the girl was a mere loan is not successfully contradicted, the jury must find for the plaintiff.

4th. That when a parent sends a negro home with a married child, at the time of the marriage or afterwards, the law simply presumes that a gift, and not a loan was intended ; but this presumption may be rebutted by the facts of the case, and if the jury believe from the evidence, that the negro Nancy was sent as a loan, and not as a gift, they will find for plaintiff.

5th. The fifth charge was in relation to the acts of the wife as the agent of the husband.

The fourth charge given in behalf of the defendant is as follows:

4th. If the jury believe that the plaintiff permitted the defendant to hold adverse possession of either of the slaves Jim and Nancy, for three years or more, without suit, the law is with the defendant.

The jury found a verdict for the plaintiff. The defendants' motion for a new trial was overruled, and he excepted, and sued out this writ of error.

*C. B. Baldwin* and *Evans & Tucker*, for plaintiffs in error.

*J. A. Orr* and *J. J. Davenport*, for defendant in error.

HARRIS, J., delivered the opinion of the court.

The defendant in error commenced his action of replevin in the court below, to recover of the defendant below a negro girl.

The plea of not guilty was filed, and the cause submitted to a jury on the testimony, who returned a verdict for defendant in error. A motion for a new trial was made, and refused, and exceptions filed, and the cause brought to this court on writ of error. Many points as to the admissibility of testimony, were reserved; all of which, together with the charges of the court given for defendant in error, as well as the refusal of the court to grant a new trial, are assigned for error.

We will proceed to consider these assignments in their order.

1. It is insisted that the court erred in permitting the wife to testify for the defendant in error, and it is urged, in support of this position, that it was not alone the *interest* of the wife, which, prior to our late statute, disqualified her from being a witness for or against her husband; but it was a disability imposed upon grounds of *public policy*, and arising out of the sanctity of this relation, and the unity and identity of person, which the law for wise purposes has established between them; and it is further urged, that to permit the wife to be made a witness for or against her husband, is to destroy the secret confidence between them, and expose to public view the advisory counsels of domestic life.

Prior to the passage of the Act of 1857, Code, 510, arts. 190, 193, the husband and wife were incompetent to testify for or against each other, not only on account of the identity of their legal rights and *interests*, but more especially on account of the privileged sanctity with which the law regards the confidential intercourse of married life. " Communications between husband and wife (says Mr. Greenleaf, vol. 1, p. 333, § 254), belong also to the class of privileged communications, and are therefore protected independently of the ground of *interest* and identity, which precludes the parties from testifying for or against each other. The happiness of the married state requires that there should be the most unlimited confidence between husband and wife; and this confidence the law secures, by providing that it shall be kept forever inviolable; that nothing shall be extracted from the bosom of the wife, which was confided there by the husband." 1 Greenleaf Ev. 450, § 334.

" The great object of the rule is to secure domestic happiness, by placing the protecting seal of the law upon all confidential communications between husband and wife; and whatever has come to the knowledge of either by means of the hallowed confidence which that relation inspires, cannot be afterwards divulged in testimony, even though the other party be no longer living." 1 Greenleaf Ev. 452, § 337, and numerous cases cited in notes (8th edit.).

This rule, in its spirit and extent, is analogous to that which excludes confidential communications made by a client to his attorney. Id. 453, § 338.

It is not, therefore, " by reason of interest" in the suit, or " in the result thereof" alone, that the wife is excluded as a witness, for or against her husband, at common law; and hence the statute in the new code, does not remove her disability, growing out of the privileged sanctity of the marital relation.

This is made more manifest by the last article of sec. 17, Code, 510, which makes special provision, that " in criminal cases, husband and wife shall be competent witnesses *for* each other."

If they had been rendered generally competent by the previous article, 190, this last provision would have been unnecessary. We think, therefore, this testimony should have been excluded. This disposes of the 1st, 2d, 3d, 4th, 5th, and 6th assignments of error.

The 7th assignment of error relates to the admission of the testimony of Miss Hearn, to prove that the wife of plaintiff in error said, " Mother had never given her anything."

This evidence did not tend to establish the issue. It did not tend to show that the *father* had never given her the girl in dispute, and was therefore wholly irrelevant.

The 8th assignment presents the question, whether the statements of the same witness, that " my sister never owned the slave in controversy," and " mother exercised great control over everything," were competent evidence to go to the jury?

The first statement amounts only to the expression of a legal opinion, or the statement of a legal conclusion, instead of a statement of facts, upon which the court and jury might pronounce. And the latter statement, as to the influence of her mother in the family, could have no relevancy to the issue.

This evidence should, therefore, have been excluded.

The 9th assignment presents the question, whether the plaintiff's statement, that " the negro in controversy was his own property," was competent? This was but the statement of the conclusion of law, at which the mind of the witness had arrived from his knowledge of the facts. It is the province of the jury, after hearing the facts, under the instruction of the court, to determine this question, and not of the witness to determine it for them, or to express his opinion. He must state facts and circumstances, and leave the jury to draw conclusions and inferences from those facts.

This evidence should have been excluded, therefore.

The 10th assignment of error is, that the court erred in giving the first, second, third, fourth, and fifth charges for plaintiff below.

The first charge, with the qualification contained in a subsequent one, that three years' adverse possession, even in case of a loan, would bar the plaintiff's recovery, we think was not objectionable, but correctly stated the law.

The second charge, that " the *direct and positive* knowledge of one witness, is of more value and force, than the doubtful recollections of certain transactions, of *ten* witnesses," is liable to several objections. It is, first, abstract; as no question as to the positive knowledge of any *fact* was involved in the cause, but the question was, whether the circumstances in proof, established a loan or *gift*, or in law vested title to the negro in dispute in the defendant below.

2. The charge assumes that the swearing of one witness (whether credible or not) directly and positively to the knowledge of any fact, or to his knowledge of the law upon a given state of facts existing in his own mind, is of greater value than the doubtful recollections of *ten* witnesses, thus giving importance to evidence in a ratio directly proportioned to the boldness or recklessness of the witness, without regard to his credibility.

3. The charge assumes, that the recollections of some witnesses are *doubtful*, as to certain transactions, and that the *knowledge* of others is *direct and positive*, and assumes to instruct the jury as to what weight they should give to the one side, or deny to the other, as a rule of law; when these are matters for the consideration of the jury, and incapable in their nature, of being reduced to a definite legal rule for their guidance, by instructions from the court.

And lastly, the instruction, if it has any application to the testimony in the cause, was calculated to mislead the jury, by instructing them to attach great value to the testimony of plaintiff below and his daughter, swearing to plaintiff's title, which testimony we have already shown was improperly admitted.

The third charge given for plaintiff below, that " if the plaintiff's evidence *that the girl was a mere loan,* is not successfully contradicted, the jury must find for the plaintiff," was also erroneous; because it assumes that the plaintiff's evidence established, when taken by itself, a loan, or that plaintiff had proved a loan.

The fourth charge given for plaintiff, taken in connection with the fourth charge given for the defendant below, is not liable to objection.

The fifth charge is abstract, as the record contains no evidence tending to show, that the wife was the agent of the husband in this case.

In the case of *Lockhart* v. *Luker*, 36 Miss. 68, we were all at that time of opinion, that our late act rendered the wife competent. Further examination and reflection, however, have satisfied us that that opinion is erroneous. We, therefore, overrule our opinion in that case.

Let the judgment be reversed, cause remanded, and a *venire de novo* awarded.