BARNES       mortgagee against the mortgagor, or any other having his
v.
MARTIN et al. rights, the rule of damages is, the amount of the mortgage
debt. *Parish vs. Wheeler*, 22 N. Y., 511—512, 515—516.
The reasons for this conclusion are fully stated in the case
referred to, and it is unnecessary to repeat them.  The de-
fendant here, being an agent of attaching creditors of the
mortgagor, the rule of damages should be the same as though
the action had been against the mortgagor himself.  The
judgment is reversed, with costs, and a new trial ordered.

## BARNES VS. MARTIN and another.

The owner of a chattel which has come into the peaceable possession of another,
has no right to retake it by force and violence, whether such possession be
lawful or not.

Going up to the person in possession, with a knife, threatening and intending to
do him bodily harm in the effort to retake the property, amounts to an as-
sault.

The party-resisting such an effort by force should not be punished by way of ex-
emplary damages, unless he was guilty of an *excess*, and acted from motives
of malice.

In an action by husband and wife for an assault and battery upon the wife, com-
pensation for loss of her time cannot be included in the damages.  The joint
action will lie only for the personal injury to the wife.

Circumstances of outrage and insult attending an assault and battery, which
wound the feelings and tend to lower the party aggrieved in the estimation
of society, may be properly considered in awarding damages, but the
jury are not to give compensation for any public odium which may arise from
an exposure, at the trial, of the domestic quarrels of the husband and wife
who sue for a battery upon the wife.

In an action by husband and wife for an injury to the wife, the husband may be
examined as a witness for the plaintiffs.  R. S., 1858, chap. 137, sec. 2.

In an action for an assault and battery, an affidavit made by the defendant for a
change of venue in the case, which showed, among other things, that he
owned a large amount of property, was admissible on the trial for the pur-
pose of showing his wealth.  The court, if requested, should have limited the
reading of the affidavit to such parts as related to that subject.

ERROR to the Circuit Court for *Walworth* County.
This was an action by *Peter J. Martin* and *Barbara*, his

wife, against *Barnes*, for an assault and battery upon the
wife. The answer was, 1. A general denial. 2. That
just before the time when, &c., said *Barbara* assaulted the
defendant with a knife, and would have wounded him there-
with, if he had not immediately defended himself, where-
fore he did defend himself, unavoidably bruising her a lit-
tle, but doing her no unnecessary injury. 3. That at the
time when, &c., the defendant was possessed of a certain
close, and of a certain cow then being therein, and that said
*Barbara*, with force and arms, broke into said close, and en-
deavored to take away said cow, forcibly, with a strong hand,
and would have so taken the same if he had not defended
his possession thereof; wherefore he did defend the same,
and resist the endeavor of the said *Barbara*, and that if any
injury then and there happened to her, the same happened
of her own wrong, &c.—The action was brought in Racine
county, and was removed, on application of the defendant,
to the circuit court for Walworth county. On the trial, the
plaintiffs, for the purpose of showing the defendant's wealth,
offered in evidence the affidavit made by him for the change
of venue, which contained statements as to certain property
owned by him in Racine county, and as to litigations con-
cerning the same, in which he had for some years been in-
volved with citizens of that county, in consequence of which
he alleged that that he could not have a fair trial therein.
They also offered evidence tending to show, that in conse-
quence of the injuries inflicted upon the female plaintiff by
the defendant, she was obliged, for some weeks, to have med-
ical attendance, and aid about her household work, &c. The
defendant objected to each of these offers, but the court over-
ruled the objections. The plaintiff *Peter* was admitted as a
witness, against the objection of the defendants. The facts
proved are sufficiently stated in the opinion of the court.

The defendant requested the court to instruct the jury as
follows: 1. That if they should find that the cow was
trespassing upon the defendant's lot at the time he took pos-
session of her, then such possession was lawful; and the
plaintiff *Barbara* had no right to take the cow out of the
defendant's possession by force. 2. That if the jury should

January Term,
1862.

Barnes
v.
Martin et al.

find that the cow was upon the defendant's lot at the time he took possession of her, then such possession was lawful under the law relating to estrays, and the plaintiff *Barbara* had no right to take the cow out of the possession of the defendant by force. 3. That the plaintiff *Barbara* had no right to take the cow out of the possession of the defendant by force. 4. That if the jury should find that the plaintiff *Barbara* intended by her acts, in order to obtain the cow, to commit violence upon, or menaced violence to, the defendant, with the butcher knife, then her acts on coming up to the defendant on the occasion referred to in the case, with the intention of executing her purpose, amounted to an assault first upon the defendant. 5. That if the jury should find that the plaintiff *Barbara* entered the defendant's lot by force or contrary to his direction, and intended by her acts to take the cow out of his possession by force, then he was justified in defending his possession of the lot and cow by force, provided the force was proportioned to the resistance. 6. That the jury had no right to find punitive or exemplary damages, unless they first found that the acts of the defendant in resisting the taking of the cow from him were governed by wanton or malicious motives, and were without apparent cause. 7. That if the jury should find that the plaintiff *Peter J. Martin* instructed the plaintiff *Barbara* not to cut the cow loose, then neither *Barbara* nor the plaintiff for her could claim any more protection or right on her account than a stranger who should have been attempting to take forcible possession of the cow, could claim.

The court gave the first instruction asked, after modifying it by inserting the word "enclosed" before the word "lot," and adding at the end "whether his possession was lawful or unlawful." The court also gave the second instruction, with the addition "that the defendant must have clearly notified or sufficiently indicated to the owners on what ground he took up the cow, and it is left to the jury to say whether he notified the owner that he did take up the cow as an estray." The third, fifth and seventh instructions were given, and the fourth and sixth refused.

The court further charged the jury that if they found for

the plaintiffs they might give punitory damages against the defendant; and that if they found for the plaintiffs they might compensate them for mortification and injury of feelings, loss of time, and standing in society.

Verdict for the plaintiffs for $2000. Motion for a new trial denied.

*George B. Judd*, for plaintiff in error:

1. The complaint does not allege special damages, as for employing assistance or nursing *Barbara* while it is claimed she was sick, for loss of service, medical attendance, &c. Hence the objection to the evidence relating to those subjects was well taken. *Slack vs. Brown*, 13 Wend., 390; *Strang vs. Whitehead*, 12 Wend., 64; *Bogert vs. Buckhalter*, 2 Barb., 525; *Birchard vs. Booth*, 4 Wis., 67. 2. The defendant's affidavit should not have been admitted in evidence. (1) It was offered and given in evidence entire, but only a part of it was competent to prove the fact for which it was offered. Most of it, though incompetent, was calculated to prejudice the minds of the jury against the defendants. (2) It was inadmissible for the purpose for which it was offered. *Myers vs. Malcolm*, 6 Hill, 292, 293, 296 and note (b); *Osgood vs. Manhattan Co.*, 3 Cow., 612, 621; *Strang vs. Whitehead*, 12 Wend., 64; *Penfield vs. Carpender*, 13 Johns., 350; *Irvine vs. Cook*, 15 id., 239; *Haswell vs. Bussing*, 10 id., 128. 3. The husband, *Peter*, was incompetent as a witness. *Pillow vs. Bushnell*, 5 Barb. (S. C.), 156; 1 Greenl. Ev., §§ 334—342. 4. As to the instructions to the jury, the court erred, (1.) In inserting the word "enclosed" in the first instruction asked by the defendant. (2.) In the addition made to the second proposition. R. S., chap. 43, sec. 2; *Harrison vs. Brown*, 5 Wis., 27. (3.) In refusing the fourth instruction asked. *Hays vs. The People*, 1 Hill, 351. (4.) In refusing the sixth instruction. *McWilliams vs. Bragg*, 3 Wis., 424, 429, 431. (5.) In the charge as to punitive damages. *Scribner vs. Beach*, 4 Denio, 448; *Blake vs. Jerome*, 14 Johns., 406; *Heermance vs. Vernoy*, 6 id., 5. (6.) In charging the jury that if they found for the plaintiffs they "might compensate them for mortification and injury of feelings, loss of time, and standing in society." There is no foundation laid in the com-

plaint for such damages. Moreover *in such an action by hus-band and wife, if the jury find for the plaintiffs, they can recover only for the injury and suffering of the wife, and not for loss of service or expense to the husband.* Thomas & wife vs. Winchester, 2 Seld., 397, 407 ; Lewis & wife vs. Babcock, 18 Johns., 443 ; 1 Chitty's Pl., 64. 5. The damages are excessive, and are such as to evince passion, partiality or prejudice on the part of the jury. A new trial should have been granted. McConnell vs. Hampton, 12 Johns., 234.

Cary & Pratt, for defendants in error :

1. The affidavit of Barnes was properly admitted in evidence, to show his wealth. (1.) In an action for a malicious injury to the person, the jury may give exemplary or vindictive damages. 13 How. (U. S.), 363; 4 Duer, 247; 5 Watts, 375 ; 3 Wis., 424 ; 4 id., 67. (2.) In giving such damages, a jury may take into consideration the wealth of the defendant, and testimony upon that point is admissible. 4 Duer, 247; 5 Watts, 275 ; 4 Wis., 67. (3.) An admission in an action is conclusive in that proceeding, upon the party making it. 2 Caines' R., 155. 2. Peter J. Martin had a right, under our statute, to testify in his own behalf ; and the fact that Barbara, his wife, was a co-plaintiff could not affect this right. See R. S. p. 817, sec. 1, and p. 818, sec. 2. 3. The fourth instruction asked by the defendant, was properly refused, for the reason that it required the judge to charge the jury that the acts of the plaintiff Barbara constituted an assault, instead of asking the judge to charge the jury as to what constituted in law an assault, and then leaving it to the jury to determine whether the acts of Barbara were or were not an assault. The fifth instruction, which was given by the court, contains the correct law relative to the rights of the defendant. 4. The sixth instruction was also properly refused. Damages were sought not for the defendant's acts "in resisting the taking of the cow," but for his acts in assaulting and beating the plaintiff Barbara. 5. The court properly charged the jury that "if they found for the plaintiff they might give punitory damages against the defendant." 3 Johns., 56 ; 3 Scam., 373 ; 6 Hill, 466 ; 5 Watts, 375 ; 2 Gilman, 432 ; 3 Wis., 424 ; 13 How. (U. S.), 363. 6. The

last instruction given was correct. In all actions for injuries to person or reputation, a jury, in estimating the amount of damages, may take into consideration the loss of plaintiff's time; and where punitive damages are allowable, may also take into consideration the injury to feelings and public disgrace, affecting plaintiff's standing in society, occasioned by the infliction of the wrong. 2 Greenl. on Ev., § 267; 43 Maine, 163.

January Term, 1862.

BARNES
v.
MARTIN et al.

May 15.

*By the Court*, DIXON, C. J.    All the witnesses concur in saying that the plaintiff in error had taken up and was peaceably possessed of the cow at the time of the affray.    The defendant in error *Barbara* came for and demanded that the cow be delivered up, which the plaintiff refused.    She then went home, and soon afterward returned with a knife in her hand, avowing her purpose to take the cow by force.    The plaintiff resisted, and it was in the prosecution of this unlawful enterprise that she received her injuries.    For whether the plaintiff was authorized to take up the cow, and might lawfully detain her or not, the defendant *Barbara* had no right to retake her by force.    The law affords ample redress for all injuries of that kind, and will not justify parties in resorting to violence and breaking the public peace.    The defendant was therefore acting in her own wrong in thus endeavoring to dispossess the plaintiff, and that whether his possession was lawful or unlawful. Under these circumstances, we think it clear that the judge should have given the fourth and sixth instructions asked by the plaintiff.    It cannot be disputed, if the jury had found that the defendant in error, in order to obtain the cow, threatened and intended to commit violence upon the plaintiff with the knife, that her acts in coming up to him with the intention of executing such purpose, would have amounted to an assault.    Neither can it be claimed that vindictive damages should be given in such a case, unless the jury should find that the acts of the party resisting were without apparent cause, and proceeded from wanton or malicious motives.    It would seem to be one of the clearest principles of justice, that a party resisting the forcible and unlawful act of another ought not to be punished

by way of exemplary damages, unless he be guilty of excess and act from motives of malice.

The judge was also wrong in charging the jury that if they found for the plaintiffs (defendants in error), they might give punitory damages. The facts did not warrant an instruction so broad and unqualified. He should have told them that their right to do so depended upon their finding the qualifying facts above stated.

The "loss of time" is no part of the injury for which compensation can be given in this action. The time and services of the wife belong to the husband, and for a loss of them he must sue alone. The joint action can only be brought for the personal suffering or injury to the wife. 1 Chitty's Pl., 73; 18 Johns., 443.

"Loss of standing in society" is a very vague and uncertain element of damage in a battery. If by it were meant circumstances of outrage and insult which wound the feelings and tend to lower the party aggrieved in the estimation of their fellow citizens, it was well enough. But if, as was argued by counsel, it was intended that the jury might give compensation for any public odium which might arise from the exposure at the trial of the domestic quarrels of the defendants in error, then it was clearly wrong.

There was no error in receiving the affidavit of the plaintiff in error for the purpose of showing his wealth. If he had requested, no doubt the court would have limited the reading of it to such facts as pertained to that subject.

The husband, *Peter J. Martin*, was properly received as a witness. He was a party to the action, and not within the exceptions specified in the statute. R. S. p. 818, sec. 2. The legislature obviously intended that the rights of the parties to testify in their own behalf should be reciprocal, which would not be the case were one to be excluded because his or her husband or wife happened also to be a necessary party. The legislature have made no such exceptions, and we cannot. Neither can we see any motives of policy which should forbid their giving evidence in such cases. *Marsh vs. Potter*, 30 Barb., 506; *Babbott vs. Thomas*, 31 id., 277; *Lockhart vs. Luker*, 36 Miss., 68.

Judgment reversed, and a new trial awarded.