## S. H. BYRD v. THE STATE.

1. CRIMINAL LAW. *Husband and wife. Competency of witnesses.*
   Under Code 1871, § 759, a wife is not a competent witness against her husband who is on trial for felony.
2. STATUTES. *Construction. Legislative misconception.*
   A legislative enactment based on a misconception of the law does not, *per se*, change the law so as to make it accord with the misconception. *Davis* v. *Delpit*, 25 Miss. 445.

ERROR to the Circuit Court of Lafayette County.

Hon. J. W. C. WATSON, Judge.

*Tabor & Carter*, for the plaintiff in error.

It was erroneous to allow the wife to testify against her husband. *Cook* v. *Grange*, 18 Ohio, 526. She is incompetent both because husband and wife are one person in the eye of the law, and also because it would destroy the confidence essential to the marriage relation if they could be witnesses against each other. It cannot be supposed that the legislature designed by Code 1871, § 759, to change a rule which is based on such considerations. But it is evident, as well from a consideration of the old law as from the language of the statute, that the exception was inserted merely from over-caution, to prevent the possibility of drawing from the prior language used the meaning for which counsel for the State contends. Had the intent been to enable her to testify voluntarily, it was easy to express it. So important a change would never have been left to be gathered by implication.

*H. M. Sullivan*, for the State.

The prisoner's wife had the right to testify, which she did voluntarily, after being informed by the court that she was not compelled to give evidence. Code 1871, § 759, has only the effect of preventing the compulsion of husband or wife to

testify against each other. The statutes so far change the common-law rule as to make them competent witnesses in all cases. The exception in the section of the Code under consideration was to guard against the use of force. Unless they are competent witnesses against each other, the exception is meaningless. It must have been inserted with some object. The only conceivable one, is to restrict her competency to the right to testify voluntarily. Unity of the husband and wife, as recognized at common law, has no such place in our system of jurisprudence as to render them one person even in civil affairs, and in the matter of crime the rule was never rigidly adhered to. Public policy, which grows out of the customs and institutions of a people, must necessarily alter with the advancement of society. At this day, neither reason, policy, nor the letter of the law, sanctions the forcible exclusion of the wife as a witness.

*T. C. Catchings,* Attorney General, on the same side.

George, C. J., delivered the opinion of the court.

The plaintiff in error was indicted for arson and convicted. On the trial, his wife was offered by the prosecution as a witness against him. He objected to her competency; but the court, after informing her " that she need not testify against her husband unless she was willing to do so, and that the law would not compel her," adjudged that she was competent, if she testified willingly. The wife then proceeded to give very material testimony against her husband, a part of which was that the husband asked her to swear falsely in his behalf, as to the whereabouts of the principal witness for the State on the night of the burning. Exceptions were taken to this ruling of the court, as to the competency of the wife, but no additional exception was taken to the admission of the part of her testimony above stated.

At common law the husband and wife were incompetent as witnesses for or against each other. This incompetency was placed by the courts upon two grounds: One, the unity and identity of husband and wife in interest, so that when one was excluded on the ground of interest the other was also excluded; the other had reference to public policy. For, as

Greenleaf in his work on Evidence, vol. 1, § 334, says: " It is essential to the happiness of social life, that the confidence subsisting between husband and wife should be sacredly protected and cherished in its most unlimited extent; and to break down or impair the great principles which protect the sanctities of that relation would be to destroy the best solace of human existence." In the Code of 1857, art. 190, p. 510, we find the first provisions in the legislation of this State to remove the incompetency of witnesses on account of interest. By art. 193, on the same page, husband and wife were made competent witnesses for each other in criminal cases.

In *Lockhart* v. *Luker*, 36 Miss. 68, the High Court of Errors and Appeals, omitting all consideration of the second ground above mentioned of the incompetency of husband and wife as witnesses for or against each other, decided that the wife might be a witness for her husband in a civil suit, because the husband might be a witness in his own behalf. But in *Dunlap* v. *Hearn*, 37 Miss. 471, the court overruled *Lockhart* v. *Luker*, and held, in accordance with the above quotation from Greenleaf, that there were grave reasons of public policy for the exclusion of husband and wife as witnesses for or against each other, besides the objection on account of interest; and they excluded, in that case, the wife when offered in a civil suit in behalf of her husband.

Under the Code of 1871, § 760, husband and wife are expressly made competent witnesses for each other in civil cases, and by § 759 it is provided that " husband and wife may be witnesses for each other in all criminal cases, but they shall not be required to testify against each other, as witnesses for the prosecution. Nothing herein contained shall be so construed as to debar full cross-examination by the prosecution of any husband or wife of an accused party who may be placed on the stand for the defence." The learned judge who presided in the court below held that, under this section, the wife may be a voluntary witness for the prosecution, against her husband's consent. We are constrained to differ from him in the construction he has placed on this statute. The statute is in derogation of a very ancient and well established rule of the common law, based, as we have above seen, in great part,

upon grave reasons of public policy having reference to the preservation of the happiness of parties joined together in the marital relation.  Statutes which are in derogation of the common law must be construed strictly, so as not to give them an operation and effect beyond the clearly expressed intention of the legislature.  *Hopkins* v. *Sandidge*, 31 Mass. 668.  Such statutes are to be construed with reference to the principles of the common law, and it is not to be presumed that the legislature intended to make any innovation on the common law further than the necessity of the case required.  *Edwards* v. *Gaulding*, 38 Miss. 118; *Hollman* v. *Bennett*, 44 Miss. 322. The rule of the common law excluded them as witnesses both for and against each other, in criminal as well as civil cases.  There was no difference as to their exclusion in either class of cases, and the rule was the same whether they were offered as witnesses for or against each other, except in a small class of criminal cases, where the wife was admitted to testify against the husband for her own protection and personal security.  This being the state of the law, the legislature, by § 760, made them competent witnesses *for* each other in civil cases, leaving them still incompetent as witnesses against each other in that class of cases.  In the section under consideration, the language is, " husband and wife may be witnesses *for* each other in all criminal cases," clearly showing that the legislature intended to apply the same rule as to their competency in criminal and in civil cases.  If the legislature had intended to make them witnesses against as well as for each other, it would have been an easy matter to express that intent in un-mistakable language.  No reason is perceived why the legisla-ture should not have done so, if indeed they had that intent; nor is it easy to give a satisfactory reason why the legislature should make them witnesses against each other in criminal cases, when it is undoubted that they are restricted in civil cases to being witnesses for each other.  The whole force of the implication, that the legislature intended to allow one to be a voluntary witness against the other in criminal cases, arises from the use of the words, " but they shall not be *required* to testify against each other, as witnesses for the prosecution," following immediately after the provision allow-

ing them to be witnesses for each other, and as a part of the same sentence. We regard this as rather an over-cautious insertion, to prevent an apprehended construction of the preceding words, than as engrafting a new and independent provision on the statute, which would be the case if it allowed the examination of one against the other, in case the party offered as a witness did not object.

But if we are to construe this language to mean that the legislature thought that by the common law husband and wife might be required to testify against each other when they were allowed to testify in behalf of each other; and to infer that this provision was inserted to prevent the operation of such a rule without the consent of the party offered as a witness, it does not follow that we are to construe the provision as making this erroneously supposed rule of the common law a part of the statutes of the State. An enactment of the legislature based on an evident misconception of what the law is will not have the effect, *per se*, of changing the law so as to make it accord with the misconception. *Davis* v. *Delpit*, 25 Miss. 445.

For the error in admitting the wife to testify against the husband, against his objection, the judgment is reversed and a new trial granted, and cause remanded.        *So ordered.*