## ANONYMOUS.

WITNESS. *Divorce suit. Wife against husband.*
　　Sects. 756, 759, and 760 of the Code of 1871, in relation to the competency of
　　witnesses, did not render a wife competent to testify as a witness against her
　　husband in a suit by her for divorce, even as to acts of personal violence;
　　and she was not a competent witness in such case at common law.

APPEAL from the Chancery Court of Clay County.

Hon. L. BRAME, Chancellor.

The case is stated in the opinion of the court.

*Fred. Beall*, for the appellant.

1. There is no question about the wife's incompetency to testify against her husband in any civil suit. This was so at common law, and the rule has not been changed by our statute. " Husband and wife may be introduced by each other as witnesses in all civil cases." Code 1871, sect. 760. But they cannot be introduced against each other. In any suit in chancery other than for divorce, the wife is incompetent as a witness against her husband. And sect. 1773 of the Code of 1871 provides that divorce suits " shall be conducted as other suits in chancery." Therefore a wife is incompetent as a witness against her husband in a divorce suit.

It has been settled by authority that in divorce suits, even for cruelty marked by personal violence, the wife is not a competent witness against her husband. *Woodruff* v. *Woodruff*, 2 Fairf. 475; *Quinn* v. *Quinn*, 16 Vt. 426; *Manchester* v. *Manchester*, 24 Vt. 649; *Dwelly* v. *Dwelly*, 46 Me. 377; 2 Bishop's Mar. & Div., sect. 283.

A woman is incompetent, even after divorce, to testify against her husband as to facts occurring during the continuance of the marriage relation, and which might affect the husband either in his pecuniary interest or in his character. *Ratcliff* v. *Wales*, 1 Hill, 63; *Monroe* v. *Twisleton*, Peake on Ev. (Norris), app. 29; *Doker* v. *Hasler*, Ry. & M. 198; *The State* v. *Phelps*, 2 Tyler, 374; *Chamberlain* v. *The People*, 23 N. Y. 85; *Cattison* v. *Cattison*, 10 Harr. (Pa.), 402; *Dysart*.

v. *Dysart*, 1 Robt. (Eng.) 106 ; *Lockwood* v. *Lockwood*, 2 Curt. (Eccl..) 114.

It does not follow, because at common law the wife was a competent witness against her husband in cases of assault and battery, or to obtain bonds for peace, that she is a competent witness in all cases of personal violence by the husband to her. Sect. 1773 requires that the proceedings for divorce shall be conducted as other chancery cases, not as criminal cases.

2. The charge of " habitual, cruel, and inhuman treatment, marked by personal violence," is not made out in this case, even if all the evidence admitted by the court below was competent.

*White & Bradshaw*, for the appellee.

1. In *all* cases of personal violence by a husband or wife against the other, the injured party is a competent witness against the wrong-doer to prove such act. The evidence is admissible, in such cases, upon the principle of necessity ; not a general necessity, as where no other witness could be had, but a particular necessity, as where otherwise the injured party might be exposed to personal violence, without any remedy. 1 Ph. on Ev. 94, and cases cited ; 1 Greenl. on Ev., sect. 343 ; Reeve's Dom. Rel. 297 ; *Mathai* v. *Mathai*, 49 Cal. 91. To the rule that husband and wife cannot testify against each other, there is this exception, amongst others : " Where, from the nature of the injury, the information to be expected is peculiarly within the knowledge of the husband or wife, and where to exclude such evidence would occasion insecurity to that relation of society which it is the object of the law to protect." 1 Ph. on Ev. 94. See also 1 Greenl. on Ev., sect. 344.

The wife is just as competent to testify against her husband as to acts of personal violence, in a suit for divorce, as in a criminal proceeding. The exception in favor of her competency originated in necessity, and the necessity is exactly the same in both cases. In both cases personal violence is the

thing to be proven, and in both the object of the law is to protect the injured party. The difference in the courts or in the form of proceedings does not affect the competency of the witness. And to hold that a witness is competent to make certain proof in a certain court or a certain proceeding, and that the same witness is incompetent to make the same proof in a different court or different proceeding, would be ridiculous. Nor does it matter that the consequences are different in the two cases.

Sect. 1773 of the Code of 1871 does not exclude the testimony of the appellee in this case. That section provides that a proceeding for divorce shall be conducted as any other cause in chancery; that is, it shall be by a bill, with the incidents thereto, and the evidence shall be by depositions. But it does not declare what evidence shall be competent.

2. But the evidence is amply sufficient to sustain the decree without the testimony of the appellee. *Johns* v. *Johns*, 57 Miss. 580.

GEORGE, J., delivered the opinion of the court.

The appellee filed her bill in the Chancery Court against the appellant, seeking a divorce *a vinculo*, upon the " ground of habitual, cruel, and inhuman treatment, marked by personal violence," and also seeking the custody of the child, the only fruit of their marriage. The chancellor decided in accordance with the prayer of the bill.

The deposition of the wife was taken at great length, in which she detailed many acts of rudeness and impropriety on the part of the husband, and also testified to three distinct acts of violence to her person. The appellant objected to the whole deposition as incompetent. The chancellor sustained the objection, except as to the acts of personal violence. The action of the chancellor in allowing any part of the deposition to be used as evidence is the main question for our consideration.

The question of the competency of husband and wife as witnesses for and against each other has been considered in several cases in this court, and in all of them since *Lockhart* v. *Luker*, 36 Miss. 68, which has been expressly overruled, the court has held that the original incompetency of parties occupying the marital relation, as witnesses for and against each other, as it existed at. the common law, exists now, except where it had been clearly and plainly removed by statute. In civil as well as criminal cases, they are now, by statute, competent witnesses, only for each other. In *Byrd* v. *The State*, 57 Miss. 243, the principal cases in this court were reviewed, and the conclusion reached that the wife could be examined as a witness against the husband only in criminal proceedings against him for a personal injury inflicted upon her. This was the extent of her competency against the husband at common law. A proceeding for divorce is a civil, not a criminal suit, and is directed "to be conducted as other suits in chancery." Code, sect. 1773. No authority has been cited to show that the above rule of the common law, which admits the wife as a competent witness against the husband, has been extended to suits for divorce, to the extent of allowing her to prove acts of personal violence on the part of the husband. The only case cited which holds the wife to be competent in a divorce suit is *Hays* v. *Hays*, 19 Wis. 197, and that case puts her competency upon the statute of that State, and allows her to testify fully and as to all matters in controversy in the suit. The following cases reject the distinction taken by the chancellor : *Woodruff* v. *Woodruff*, 2 Fairf. 475 ; *Quinn* v. *Quinn*, 16 Vt. 426. And in the following cases the principle of construction of statutes in reference to the competency of husband and wife adopted by this court in *Byrd* v. *The State, supra*, was applied to divorce cases, and they were held incompetent in such suits : *Dwelly* v. *Dwelly*, 46 Me. 377 ; *Manchester* v. *Manchester*, 26 Vt. 649.

Rejecting the deposition of the wife, as we must do, the de-

cree of the chancellor is without sufficient evidence to sup-
port it.

The parties in this case are young and imprudent. They
both seem to have unduly given way to ebullitions of high
temper. With more restraint in this respect, and with more
consideration for the feelings and rights of each other, it is
not too much to hope that this ineffectual attempt at a final
separation may lead to reconciliation and a life of usefulness
and happiness.

Decree reversed and cause remanded.

*L. Brame* and *White & Bradshaw*, counsel for the appellee,
presented a petition for a reargument of this case, but the
court refused to grant the application, and in response to the
petition the opinion following below was delivered : —

GEORGE, J., delivered the opinion of the court.

A petition for a reargument has been filed in this case, in
which it is insisted, with great earnestness and ability, that the
conclusions reached in the opinion are erroneous. Several
additional cases from other States have also been cited in
which it has been held that a wife is a competent witness
against the husband in a divorce suit. We have examined
these cases carefully, but do not find that they are authority
against the opinion to any greater extent than they are au-
thority against the uniform decisions of this court since *Lock-
hart* v. *Luker*, on the subject of the competency of husband
and wife for and against each other.

The provision in the Code of 1871, sect. 756, though
framed in different language, is in substance identical with the
provision on the same subject in art. 190, p. 510, of the Code
of 1857. Both remove the disqualification of witnesses aris-
ing from interest in the suit, or in the record as an instru-
ment of evidence ; but they remove no other disqualification.
Under the Code of 1857 it was fully settled, before the adoption
of the Code of 1871, that the husband and wife are incompe-

tent witnesses for or against each other in civil proceedings. To obviate this ruling, when the Code of 1871 was prepared an additional section was added providing specially that husband and wife were competent witnesses *for* each other in civil proceedings. Under the section removing the disqualification of witnesses on account of interest, husband and wife, under both Codes, have uniformly been held incompetent for or against each other. Under the added section of the Code of 1871 they are made competent only for each other.

In Missouri, from which two cases are cited in the petition for a reargument, the court held that the general statute removing the disqualification of witnesses for interest, makes husband and wife competent for and against each other; and in this the Supreme Court of that State holds differently from the rulings of this court. The statutes of Georgia and Wisconsin seem to be broad enough to make husband and wife competent for and against each other, and so does the statute of New York. In all these States, however, the ruling is not that husband and wife are competent for and against each other in divorce suits only, but in all civil proceedings. But it is well settled that they are not so competent in this State. The rulings of this court are sustained by the Supreme Court of Maine, where they have a statute on this subject nearly in the exact language of our Code of 1871.

But it is insisted that the wife is, as was held by the chancellor, competent at least to prove acts of personal violence on the part of the husband. But all the authorities we have been able to consult, except one, confine the competency of the wife, at common law, to testify against the husband, to acts of personal violence committed by him on her, when he is proceeded against criminally for such acts. We held this to be the extent of the exception in *Byrd* v. *The State*, 57 Miss. 243.

The only authority against it is *The People* v. *Mercein*, 8 Paige, 47, in which Chancellor Walworth confesses he has no authority for the conclusion reached by him. We are not disposed to follow this isolated authority, against what we re-

gard as the settled rule. The reason why the common law excluded husband and wife as witnesses against each other applies as strongly to divorce suits as to any other, and we feel no disposition to relax the rule in order to facilitate the granting of divorces, for which there now seem to be as many favoring agencies as are consistent with the welfare of society.